UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Susan D. Wigenton |
| v. | : | Crim. No. 19-476 |
| KEITH KOVALESKI and<br>SYLVIA KOVALESKI | : | STIPULATED PROTECTIVE ORDER |

This matter having come before the Court on the joint application of the United States, by Craig Carpenito, United States Attorney (by Karen D. Stringer and Cari Fais, Assistant U.S. Attorneys) and Defendants Keith Kovaleski (by Michael Gelety, Esq.) and Sylvia Kovaleski (by Susan Cassell, Esq. and Richard Collins, Esq.) (collectively, "the parties"), for a protective order for pre-trial and trial proceedings in the above-captioned criminal matter (the "Protective Order"), pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure; and

WHEREAS, the parties seek an Order protecting from disclosure to the public any documents, the information contained therein, and other information provided by the Government to the Defendants and their counsel of record during the course of this criminal litigation, including any documents or other information provided in compliance with the Government's disclosure obligations pursuant to Rule 16 of the Federal Rules of Criminal Procedure, Title 18, United States Code, Section 3500, Brady v. Maryland, Giglio v. United States, and the Court's Order for Discovery and Inspection, which contain: (1) a third party's: (a) name; (b) birth date; (c) place of birth; (d) home address; (e) telephone number; (f) email address; (g) social security number; (h) credit card number; and (i) financial-account number; (2) the contents of electronic devices; and (3) applications and affidavits in support of search warrants obtained during the investigation (hereinafter, "Protected Information"); and

WHEREAS, the parties have agreed that the procedure to regulate the disclosure and use of Protected Information will not impede the Defendants' preparation of their defenses, but will

protect against the improper dissemination or use of any Protected Information.

Therefore, IT IS HEREBY STIPULATED AND AGREED that the following provisions shall govern the handling of Protected Information during pre-trial and trial proceedings:

1. In addition to making Protected Information available to the defense for inspection, review, and copying, the Government is authorized to provide defense counsel with their own copy of Protected Information to facilitate preparation for trial.

2. Any Protected Information filed with the Court must comply with the provisions of Rule 49.1 of the Federal Rules of Criminal Procedure.

3. Access to Protected Information will be restricted to personnel authorized by the Court, namely, the Defendants and their counsel of record, and counsels' associated attorneys, paralegals, investigators, experts (retained pursuant to a written retainer agreement, by the Defendants and/or their counsel in connection with the criminal case, and the experts' employees and support personnel), secretaries employed by counsel of record and performing services on behalf of the Defendants, prospective witnesses (to the extent deemed necessary by defense counsel, for trial preparation), consultants (and their employees and support personnel), and/or litigation support vendors or services, including outside copying services or companies engaged in the business of supporting computerized or electronic litigation discovery or trial preparation, and such other persons as hereafter may be authorized by the Court upon motion by the Defendant(s).

4. Protected Information may be discussed with or shown to, but may not be provided to or remain in the custody of, prospective witnesses.

5. The following restrictions will be placed on the individuals described in paragraph 3, unless further ordered by the Court. These individuals shall not:

   a. Duplicate Protected Information for, or allow copies of any kind to be made

2

    by, any other person, or allow Protected Information to be otherwise disseminated;

  b. Allow any person not described in paragraph 3 to read, view or possess Protected Information; or

  c. Use Protected Information for any other purpose other than in connection with the preparation of a defense against the charges in this matter.

6. Defense counsel shall advise any person to whom Protected Information is disclosed by defense counsel that such information should be held in strict confidence and that the person must comply with the restrictions of paragraph 5 above.

7. The Defendants shall not disclose Protected Information to any person not described in paragraph 3 without leave of Court obtained on application to the Court and with notice to the Government.

8. The restrictions set forth herein shall not restrict the use of Protected Information in connection with the filing of motions with the Court, or for use at trial or other Court proceeding, subject to this Order and the provisions of Rule 49.1 of the Federal Rules of Criminal Procedure.

9. This stipulation is binding on all future and successor counsel.

10. The Defendants and their counsel further agree that within a reasonable period of time following the conclusion of this litigation (i.e., when the Defendants have exhausted any rights of direct appeal from any judgment and conviction resulting from a trial or guilty plea), the Defendants' counsel shall collect and return to counsel for the United States, or destroy and certify to counsel for the United States such destruction, all additional copies of the materials containing Protected Information (excluding any materials over which the Defendants have a proprietary or ownership interest), except for copies of Protected Information that remain in defense counsels' files and which are stored within defense counsels' offices or in a secure file storage facility.

3

Form and entry consented to:

_____
KAREN D. STRINGER
CARI FAIS
Assistant U.S. Attorneys

_____ 8/14/19
MICHAEL GELETY, ESQ.
Counsel for Defendant Keith Kovaleski

_____
SUSAN CASSELL, ESQ.
RICHARD COLLINS, ESQ.
Counsel for Defendant Sylvia Kovaleski

ORDER

IT IS SO ORDERED this __15th__ day of August, 2019:

_____
HON. SUSAN D. WIGENTON
United States District Judge